UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIONEL GLENN, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4817** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "B" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b) and (c) and 1915e(2)**. The Court has determined that these matters can be resolved without an Evidentiary Hearing.

### I.  The Complaint

The plaintiff, Lionel Glenn, III ("Glenn"), filed this *pro se* and *in forma pauperis* complaint against the State of Louisiana, the "Orleans Parish Jail," Sheriff Marlin N. Gusman, Lt. Wayne Gulliver, and EMT Plauche. In this lawsuit, Glenn claims that he was subjected to unconstitutional conditions of confinement after being evacuated from the Orleans Parish Prison to the Louisiana State Penitentiary during Hurricane Gustav. As relief, he seeks compensatory and punitive damages.

Glenn alleges that in August of 2008 he was confined as a pretrial detainee in the Orleans Parish Prison. During Hurricane Gustav, he was then evacuated to the Louisiana State Penitentiary in Angola, Louisiana. He alleges that, during the time he was at the state penitentiary as a result of

the evacuation, he was: (1) given no medical treatment for his high blood pressure and asthma; (2) incarcerated with convicted inmates; (3) confined in overcrowded, unclean, and inhumane conditions; and (4) subjected to abuse by the guards.

## II. **Standards of Review**

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune
>     from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches*

*Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing Glenn's complaint,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from a defendant who is immune from such relief.

### III. <u>Analysis</u>

#### A. **"Orleans Parish Jail"**

In the caption of the complaint, Glenn indicates that he is naming the Orleans Parish Prison (which he refers to as "Orleans Parish Jail") as a defendant, despite the fact that the conditions about which he complains occurred at the Louisiana State Penitentiary, not at the parish prison. Nevertheless, to the extent that he, in fact, intended to sue the parish prison, his claims are improper and must be dismissed because "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Castillo v. Blanco*, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *see also Smith v. Orleans Parish Prison,* Civ. Action No. 08-3786, 2008 WL 2951279 (E.D. La. July 25, 2008)*; Francis v. United States,* Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Cullen v. DuPage County*, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Administration*, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Brooks v. Pembroke City Jail*, 722 F.

---

[1] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

Supp. 1294, 1301 (E.D.N.C. 1989); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

### B. State of Louisiana

In the caption of the complaint, Glenn also indicates that he is naming the State of Louisiana as a defendant. That defendant is likewise improper and must be dismissed for the following reasons.

First, states are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hyatt v. Sewell*, 197 Fed. App'x 370 (5th Cir. 2006); *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992); *Levy v. Office of Legislative Auditor*, 362 F. Supp. 2d 729, 735 (M.D. La. 2005); *Goins v. State of Louisiana*, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); *Greer v. Tran*, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Second, in any event, Glenn's claims against the state are barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ... By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted).

### C. Lt. Wayne Gulliver and EMT Plauche

Glenn has also named as defendants Lt. Wayne Gulliver and EMT Plauche, both of whom are alleged to work at the Louisiana State Penitentiary. Those claims must be dismissed for the following reasons.

To the extent that Glenn is asserting claims against Gulliver and Plauche in their official capacities, those claims are improper. By virtue of their employment at the Louisiana State Penitentiary, Gulliver and Plauche are employees of the Louisiana Department of Public Safety and Corrections. State employees in their official capacities are not "persons" amenable to suit for damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). Moreover, in any event, the official-capacity claims are also barred by the Eleventh Amendment. *See, e.g., Williams v. Thomas*, 169 Fed. App'x 285, 286 (5th Cir. 2006); *Hodge v. B.B. Sixty Rayburn Corr. Center*, Civ. Action No. 08-3193, 2008 WL 4628586, at *3 (E.D. La. Oct. 16, 2008).

To the extent that Glenn is suing Gulliver and Plauche in their individual capacities, no claim has been stated against them. The United States Fifth Circuit Court of Appeals has noted: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, Glenn has made no allegations whatsoever concerning Gulliver and Plauche or their personal involvement in the events on which the instant claims are based.

### D. Sheriff Marlin Gusman

The final defendant named in this action is Orleans Parish Criminal Sheriff Marlin N. Gusman. The claim against Gusman similarly fails because, again, Glenn has made no allegations whatsoever concerning Gusman or his personal involvement in the events on which the instant claims are based. Moreover, in any event, it is evident that Gusman had no such personal involvement, in that the conditions about which Glenn complains were ones he encountered at the Louisiana State Penitentiary, not at the Orleans Parish Prison.

### E. Underlying Claims

Out of an abundance of caution, the Court further notes that, even if the foregoing defects were ignored, Glenn's underlying claims would still be subject to dismissal for the following reasons.

Because Glenn was a pretrial detainee at the time of the events giving rise to his complaint, his claims are analyzed under the Fourteenth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). However, because Glenn complains about both general conditions of his confinement and officials' episodic acts or omissions, the applicable analysis differs based on the nature of his particular claims.

With respect to the claims which challenge the general conditions of confinement, the United States Fifth Circuit Court of Appeals has held:

> In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court evaluated the constitutionality of conditions of confinement of pretrial detainees. Because they have not yet been convicted of the crime with which they have been charged, pretrial detainees have a due process right not to be punished for that crime. The Supreme Court has stated that the distinction between conditions that may be imposed on convicted prisoners and conditions that may be imposed on pretrial detainees as follows:

> [T]he State does not acquire power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.
>
> *Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977). Courts deciding the constitutionality of conditions of confinement of pretrial detainees must determine whether the conditions complained of are imposed for the purpose of punishment. *Bell*, 441 U.S. at 538. Courts may find a punitive purpose upon direct proof of an expressed intent by detention facility officers to punish the pretrial detainee for a crime with which the detainee has been charged but not yet convicted. *Id.* at 538. In addition, courts may infer a punitive purpose if the challenged condition or restriction is not reasonably related to a legitimate governmental objective. *Id.* at 539.

*Hamilton v. Lyons*, 74 F.3d 99, 104 (5th Cir. 1996) (footnotes omitted).

However, with respect to the claims which are based on the prison officials' episodic acts or omissions, the United States Fifth Circuit Court of Appeals has held that "the *Bell* test is inapplicable, and hence the proper inquiry is whether the official had a culpable state of mind in acting or failing to act." *Hare*, 74 F.3d at 643. The Court of Appeals then went on to hold: "[W]e adopt a standard of deliberate indifference as the measure of culpability for such episodic acts or omissions. ... [A] jail official's constitutional liability to pretrial detainees for episodic acts or omissions should be measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer* [*v. Brennan*, 511 U.S. 825 (1994)]." *Hare*, 74 F.3d at 643. Under *Farmer*, an official is deliberately indifferent to inmates' health and safety "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *see also Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly

negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In the instant case, Glenn's claims fail under both of those standards. He does not even allege that the purported adverse general conditions of confinement were imposed for a punitive purpose or with a punitive intent. Further, he does not allege, and the facts in the complaint are insufficient to show, that any of the named defendants were intentionally indifferent to a known risk to his health or safety. Moreover, it is evident that there was no punitive intent or deliberate indifference in this case. Rather, the events about which Glenn complains were simply the result of the unfortunate and temporarily uncomfortable emergency conditions many inmates and others endured as a result of a necessary evacuation to avoid the potential danger of a deadly hurricane.

Lastly, the Court notes that Glenn indicates in his complaint that his claims are based, at least in part, on a theory of negligence.[2] However, it is clear that acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Lionel Glenn, III's § 1983 claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous, for failure to state a claim for which relief can be granted, and/or and for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being

---

[2] *See* Rec. Doc. 1, p. 4.

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22nd day of January, 2009.

  
_____  
**KAREN WELLS ROBY**  
**UNITED STATES MAGISTRATE JUDGE**